United States District Court
For The
District Of New Jersey

RECEIVED
NOV 23 2020
AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

| | |
|---|---|
| Tony Fisher aka Kellie Rehavura Plaintiff, | Case No.: 1:18-16793-RBK-AMD |
| V. | MOTION FOR RELIEF (Fed. R. Civ. P. 60(b)(6)) |
| Jordan Hollingsworth et al. Defendants | Judge: Robert Kugler |

## Relief Sought

Tony Fisher (aka Kellie Rehavura), plaintiff, moves this court, pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, for an order setting aside the judgement entered in this action on May 10, 2019.

## Grounds For Relief

Extraordinary circumstances in this case require

that the judgement entered in this action be set aside, and no other grounds under Rule 60(b) and no other procedure is available to grant this relief that justice requires. The extraordinary circumstances raised by this motion are not grounds for relief under any other provision of Rule 60(b) because the New Jersey state law governing the applicable statute of limitations has been amended by the Senate and General Assembly of the state of New Jersey, of which Governor Philip D. Murphy signed into law on May 13, 2019.

New Jersey's statute of limitations for personal injury actions has been amended to allow a two-year period from the effective date of the amendment to commence an action which would otherwise be barred through application of the statute of limitations. See N.J. Stat. Ann. § 2A:14-2b P.L. 2019, c.120. A copy of this amendment to N.J. Stat. Ann § 2A:14-2b has been attached hereto for judicial convenience. The amendment includes the following:

"C. 2A:14-2b <u>Commencement of action regardless of statute of limitations.</u>:

9. a. Notwithstanding the statute of limitations provisions of N.J.S. 2A:14-2, section 2 of P.L. 2019, c. 120 (C. 2A:14-2a) section 1 of P.L. 1964, c. 214 (C. 2A:14-2.1) or any other statute, an action at law for injury resulting from the commission of sexual assault, any other crime of a sexual nature, a prohibited sexual act as defined in section 2 of P.L. 1992, c. 7 (C. 2A:30 B-2) or sexual abuse as defined in section 1 of P.L. 1992 c. 109 (C. 2A:61 B-1), that occurred prior to the effective date of P.L. 2019, c. 120 (2.2A:14-2 et al.), and which action would otherwise be barred through application of the statute of limitations, may be commenced within two years immediately following the effective date."

"C. 2A:14-2c <u>Effective Date</u>

10. The provisions of this amendatory and supplementary act, P.L. 2019, c. 120 (C2A:14-2a et al.), shall take effect on December 1, 2019."

This motion is based on this document, the

attached Notice of Motion, Exhibits, all of the pleadings, papers, and other records on file in this action, and on whatever arguement and evidence may be presented at the hearing of this motion.

Dated: November 18, 2020

By: _Tony Fisher_
Tony Fisher

aka _Kellie Rehanna_
aka Kellie Rehanna
Reg. #70313-061
FCI - Elkton
P.O. Box 10
Lisbon, Ohio 44432

TO ALL PARTIES AND TO
THEIR ATTORNEYS OF RECORD:

TAKE NOTICE that Tony Fisher (aka Kellie Rehanna) will bring the attached motion on for hearing before this court as soon as the matter can be heard in the United States District Court For The District of New Jersey.

Dated: November 18, 2020

By: /s/ Tony Fisher
Tony Fisher

aka /s/ Kellie Rehanna
Kellie Rehanna
Reg. #70313-061
FCI-Elkton
P.O. Box 10
Lisbon, Ohio 44432

P.L. 2019, CHAPTER 120
6

b. The procedural requirements of this chapter shall not apply to an action at law for an injury resulting from the commission of sexual assault, any other crime of a sexual nature, a prohibited sexual act as defined in section 2 of P.L.1992, c.7 (C.2A:30B-2), or sexual abuse as defined in section 1 of P.L.1992, c.109 (C.2A:61B-1).

C.2A:14-2b  Commencement of actions regardless of statute of limitations.
    9. a. Notwithstanding the statute of limitations provisions of N.J.S.2A:14-2, section 2 of P.L.2019, c.120 (C.2A:14-2a), section 1 of P.L.1964, c.214 (C.2A:14-2.1), or any other statute, an action at law for an injury resulting from the commission of sexual assault, any other crime of a sexual nature, a prohibited sexual act as defined in section 2 of P.L.1992, c.7 (C.2A:30B-2), or sexual abuse as defined in section 1 of P.L.1992, c.109 (C.2A:61B-1), that occurred prior to the effective date of P.L.2019, c.120 (C.2A:14-2a et al.), and which action would otherwise be barred through application of the statute of limitations, may be commenced within two years immediately following the effective date.



    b. To the extent applicable, any action brought during the two-year period pursuant to subsection a. of this section shall be subject to the provisions of subsection c. of section 1 of P.L.1959, c.90 (C.2A:53A-7) and P.L.2005, c.264 (C.2A:53A-7.4 et seq.), as amended by P.L.2019, c.120 (C.2A:14-2a et al.).
    c. (1) Every action at law for an injury that is commenced pursuant to this section shall proceed on an individual basis, and not proceed on behalf of a class in a class action, due to the particular circumstances, source of injury and its discovery, and damages relating to each occurrence or occurrences of sexual assault, any other crime of a sexual nature, a prohibited sexual act as defined in section 2 of P.L.1992, c.7 (C.2A:30B-2), or sexual abuse as defined in section 1 of P.L.1992, c.109 (C.2A:61B-1) against either a minor under the age of 18 or a person 18 years of age or older.
    (2) Any private, contractual arrangement intending to settle claims for occurrences described in paragraph (1) of this subsection on a class basis is against public policy and shall be void and unenforceable.

C.2A:14-2c  Effective date.
    10. The provisions of this amendatory and supplementary act, P.L.2019, c.120 (C.2A:14-2a et al.), shall take effect on December 1, 2019. These provisions shall be inapplicable to any civil action governed solely by the statute of limitations of another jurisdiction.



Approved May 13, 2019.

# Governor Murphy Signs Legislation Extending the Civil Statute of Limitations for Sexual Abuse Claims in New Jersey

05/13/2019

**TRENTON** – Governor Phil Murphy today signed legislation (S477) extending the statute of limitations in civil actions for sexual abuse claims. The law also creates a two-year window for parties to bring lawsuits based on sexual abuse that would be time-barred even with the new statute of limitations, and expands the categories of potential defendants in civil actions.

"Survivors of sexual abuse deserve opportunities to seek redress against their abusers," **said Governor Phil Murphy.** "This legislation allows survivors who have faced tremendous trauma the ability to pursue justice through the court system. I thank the bill's sponsors for their commitment to tackling this issue, as well as the advocates for their activism and engagement."

Primary sponsors of the bill include Senators Joseph Vitale and Nicholas Scutari; and Assemblymembers Annette Quijano, Valerie Vainieri Huttle, and Mila Jasey.

"This law would not have made it to the governor's desk today, if it wasn't for the tireless efforts of survivors, advocates and organizations for over a decade. This is not my bill or Senator Scutari's bill, this is their bill," **said Senator Vitale.** "Their work is an affirmation for all survivors of sexual assault, past and present, and today, New Jersey is a more just state. I want to thank everyone who has made this day possible. Sexual assault and rape are crimes entirely unique and they should be treated as such, particularly when it involves children. We know entirely too much today about the suppression of childhood trauma to be able to morally hold their justice to the same legal limitations as a victim of robbery. The standard statute of limitations, is simply, is painfully inadequate. Today, thankfully, survivors in New Jersey have the opportunity to seek justice."

"It's time to stand up for the survivors of sexual assault," **said Senator Scutari.** "If our institutions cannot keep their members safe or hold their employees accountable, then we will. With this bill, we are making it clear; New Jersey stands with the survivors, first."

"This bill is about allowing victims the time to get the justice they deserve," **said Assemblywoman Quijano.** "Because those who have been sexually abused often suppress their memories for years or don't connect their injuries to their abuse, they need much more time to file a civil action. This new law gives them that time."

"Sexual abuse survivors often struggle for years to come to terms with their abuse, especially child victims," **said Assemblywoman Vainieri Huttle.** "We must allow victims the time to realize the damage that has been done to them both physically and mentally. Survivors of sexual abuse deserve a fair opportunity to seek justice."

"We have an obligation to hold organizations and institutions accountable for the bad actions of their employees," **said Assemblywoman Jasey.** "We must also stand up for victims of sexual assault, particularly those who suffered the assault as a child. Often times, survivors continue to suffer for years as they block memories of the horror of rape. With this new law, New Jersey is making it clear that we put victims first."

"Put simply, this bill gives survivors more options and opportunity to pursue justice. For too long, survivors' choice was restricted by New Jersey's insufficient two-year civil statute of limitations for sexual assault," **said Patricia Teffenhart, Executive Director of the New Jersey Coalition Against Sexual Assault (NJCASA).** "Adding this trauma-informed

policy to the portfolio of bills we've passed over the last few years is a significant step forward and is a direct result of over a decade's worth of advocacy from survivors. It is their tenacity we celebrate today and we're thankful for Senator Vitale, Assemblywoman Quijano, Senate President Sweeney, Assembly Speaker Coughlin, and Governor Murphy for ensuring that justice delayed no longer means justice denied."

"SNAP commends Governor Phil Murphy, Senator Joseph Vitale, Assemblywoman Annette Quijano, NJ SNAP leader Mark Crawford, and the hundreds of survivors and advocates who made this dramatic reform of the statute of limitations in New Jersey possible," **said Zach Hiner, Executive Director of Survivors Network of Those Abused by Priests (SNAP).** "This new law will be one of the best in the nation, granting all sexual abuse survivors the opportunity to access the justice system, and provides an example for other states of concrete legislation they can pass that will help survivors of sexual abuse heal while creating safer, more informed communities."

## GOVERNOR'S STATEMENT UPON SIGNING SENATE COMMITTEE SUBSTITUTE FOR SENATE BILL NO. 477

Today I am signing Senate Committee Substitute for Senate Bill No. 477, which significantly extends the statute of limitations for sexual abuse claims and creates a two-year filing window for sexual abuse claims that would otherwise be time-barred by the statute of limitations that goes into effect upon the bill's enactment. I recognize that this issue has evoked strong passions on both sides, as supporters of the bill rightly note that it greatly increases the ability of victims of sexual abuse to pursue justice through the court system. Opponents argue that by exposing religious and nonprofit organizations to potentially massive financial liabilities, the bill may have the unintended effect of inhibiting these organizations from providing the services that many vulnerable New Jerseyans rely on. I take these concerns seriously, but I cannot deny victims the ability to seek redress in court for sexual abuse that often leaves trauma lasting a lifetime. I am confident that our judicial system is the right forum to assess these claims fairly and impartially.

I am also signing the bill based on a commitment from the bill's sponsors to introduce and swiftly pass a bill that will correct an error in the section of the bill relating to the liability of public entities. This section inadvertently fails to establish a standard of proof for cases involving claims filed against public entities. If unaddressed, the lack of clarity would create uncertainty and likely lead to additional litigation. I have received assurances that the Legislature will correct this omission by clarifying that public entities should be held to the same standard of liability that is applied to religious and nonprofit organizations. Applying a different standard would be unjustified.

I thank the bill's sponsors for their commitment to tackling this issue, as well as the advocates on both sides for their activism and engagement. I continue to believe that vigorous debate based on policy -- even when dealing with sensitive and controversial issues -- makes our State's democracy stronger.

Date: May 13, 2019

/s/ Philip D. Murphy

Governor

Attest:

/s/ Matthew J. Platkin

Chief Counsel to the Governor

THIS FORM MUST BE USED BY A PRISONER APPLYING TO PROCEED IN FORMA PAUPERIS IN A CIVIL RIGHTS CASE

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

Tony Fisher

(Plaintiff in this action)

**AFFIDAVIT OF POVERTY
and ACCOUNT CERTIFICATION
(CIVIL RIGHTS)**

v.

~~Federal Bureau of Prisons~~
United States of America,
Jordan Hollingsworth, Warden Doe,
Unit Doe, Ms. Fischer,
Mr. Williams, N. Watkins Ward,
Anna Morfe AND Stacie D. Marantz-Tattersdi

Civil Action No. 118-16793-RBK-AMD

(To be supplied by the Clerk of the Court)

DNJ-Pro Se-007-A-(Rev.05/2013)

(Defendant(s) in this action)

---

**Instructions:**

The Clerk will not file a civil complaint unless the person seeking relief pays the entire filing fee (currently $350) and an administrative fee (currently $50) in advance, or the person applies for and is granted in forma pauperis status pursuant to 28 U.S.C. § 1915. See Local Civil R. 5.1(f). A prisoner who seeks to proceed in forma pauperis must submit to the Clerk (1) a completed affidavit of poverty and (2) a copy of the trust fund account statement for the prisoner for the six month period immediately preceding the filing of the complaint, obtained from and certified as correct by the appropriate official of each prison at which the prisoner is or was confined for the preceding six months. See 28 U.S.C. § 1915(a)(2).

If the Judge enters an order granting a prisoner's application to proceed in forma pauperis, then the order will assess the filing fee (currently $350) against the prisoner and collect the fee by directing the agency having custody of the prisoner to deduct an initial partial filing fee equal to 20% of the greater of the average monthly deposits to the prison account or the average monthly balance in the prison account for the six-month period immediately preceding the filing of the complaint, as well as monthly installment payments equal to 20% of the preceding month's income credited to the account for each month that the balance of the account exceeds $10.00, until the entire filing fee has been paid, regardless of the outcome of the proceeding. See 28 U.S.C. § 1915(b).

The prisoner must complete all questions in the following affidavit, sign and date the affidavit, and then obtain the signature of the appropriate prison official who certifies the prison account statement. After the appropriate prison official certifies your prison trust fund account statement(s), you must attach the prison account statement(s) to this application, for each prison or jail wherein you were incarcerated during the previous six months. If your application to proceed in forma pauperis is incomplete, then the Court may enter an order denying your application without prejudice and administratively terminating your case without filing the complaint.

THIS FORM MUST BE USED BY A PRISONER APPLYING TO PROCEED IN FORMA PAUPERIS IN A CIVIL RIGHTS CASE

In support of this application, I state the following under the penalty of perjury:

1. I, **TONY FISHER** (print your name), declare that I am the
   [X] Plaintiff / movant          [ ] Other

in the above-entitled proceeding; that, in support of my request to proceed without being required to prepay fees, costs, or give security therefor, I state that because of my poverty, I am unable to prepay the costs of said proceeding or give security therefor; that I believe I am entitled to relief.

2. The nature of my claim or the issues I intend to present on appeal are briefly stated as follows:

   I am the victim of several rapes due to the Federal Bureau of Prisons Deliberate Indifference to my safety. These rapes were all done by the same perpetrator even after alerting staff of the Bureau of Prisons who failed to protect me from harm even after they were made aware of the threats of sexual assault were brought to their attention.

3. List dates and places of confinement for the immediately preceding six months:

   | Dates of Confinement | Places of Confinement |
   |---|---|
   | 07/08/15 - CURRENT | Federal Correction Institution Elkton |
   | N/A | N/A |

   For each institution in which you have been confined for the preceding six months, you must obtain a copy of your prison account and the signature of the appropriate prison official (see certification on p. 3).

4. Are you employed at your current institution?   [X] Yes   [ ] No

   Do you receive any payment or money from your current institution?   [X] Yes   [ ] No

   If Yes, state how much you receive each month: **Approximately $25.00**

5. In the past 12 months, have you received any money from any of the following sources?

   | | | | | Amount |
   |---|---|---|---|---|
   | a. | Business, profession, or other self-employment | [ ] Yes | [X] No | -0- |
   | b. | Rent payments, interest, or dividends | [ ] Yes | [X] No | -0- |
   | c. | Pensions, annuities, or life insurance payments | [ ] Yes | [X] No | -0- |
   | d. | Disability or workers compensation payments | [ ] Yes | [X] No | -0- |
   | e. | Gifts or inheritances | [X] Yes | [ ] No | Appx. $1600.00yr. |
   | f. | Any other sources | [ ] Yes | [X] No | -0- |

THIS FORM MUST BE USED BY A PRISONER APPLYING TO PROCEED IN FORMA PAUPERIS IN A CIVIL RIGHTS CASE

6. Other than your prison account, do you have cash or a checking or savings account in your name?

   ☐ Yes   XX No

   If "Yes," state the total in the account at this time: __N/A__

7. Do you own any other assets or property?   ☐ Yes   XX No

   If "Yes," please describe: __N/A__

8. I, __Tony Fisher   (Reg. # 70313-061)__
   (Print or Type Name and Number of Prisoner)

   declare under penalty of perjury that the aforesaid statements made by me are true and correct. I authorize the agency having custody over me to assess, withdraw from my prison account, and forward to the Clerk of the District Court for the District of New Jersey (1) an initial partial filing fee equal to 20% of the greater of the average monthly deposits to my prison account or the average monthly balance in my prison account for the six-month period immediately preceding the filing of the complaint, and (2) payments equal to 20% of the preceding month's income credited to my prison account each month the amount in the account exceeds $10.00, until the $ 350.-- fee is paid. 28 U.S.C. § 1915(b)(1) and (2).

   __11-8-18__              _[signature]_
   DATE                     SIGNATURE OF PRISONER

   Resigned: November 18, 2020  _[signature]_

   THIS PORTION OF YOUR APPLICATION SHALL NOT BE LEFT BLANK.
   IF THIS PORTION IS NOT COMPLETED, YOUR APPLICATION WILL BE DENIED WITHOUT PREJUDICE

   ## ACCOUNT CERTIFICATION SIGNED BY PRISON OFFICIAL

   I, _[signature]_ (M. Butler) _____ (print name), certify that the attached trust fund account statement (or institutional equivalent) is a true and correct copy.

   __11.8-2018__            _[signature]_
   DATE                     (M. Butler) _____ (Signature)

                            _[signature]_
                            (Unit Manager) _____ (Title)

3

DNJ-ProSe-007-A-(Rev.05/2013)

# Inmate Statement



| | | |
|---|---|---|
| **Inmate Reg #:** | 70313061 | **Current Institution:** Elkton FCI |
| **Inmate Name:** | FISHER, TONY | **Housing Unit:** ELK-F-B |
| **Report Date:** | 11/17/2020 | **Living Quarters:** F08-057L |
| **Report Time:** | 9:23:13 AM | |

| Alpha Code | Date/Time | Reference# | Payment# | Receipt# | Transaction Type | Transaction Amount | Encumbrance Amount | Ending Balance |
|---|---|---|---|---|---|---|---|---|
| ELK | 11/10/2020 9:35:12 AM | TL112020 | | | Pre-Release Transaction | | ($4.15) | -------- |
| ELK | 11/10/2020 7:33:46 AM | 50 | | | Sales | ($35.20) | | $917.95 |
| ELK | 11/10/2020 7:29:38 AM | WIPP1020 | | | Payroll - IPP | $17.00 | | $953.15 |
| ELK | 11/10/2020 7:29:38 AM | WIPP1020 | | | Pre-Release Transaction | | ($0.85) | -------- |
| ELK | 11/8/2020 10:53:30 PM | TL112020 | | | Pre-Release Transaction | | ($50.00) | -------- |
| ELK | 11/8/2020 5:04:04 PM | 33320313 | | | Western Union | $150.00 | | $936.15 |
| ELK | 11/4/2020 6:53:47 AM | 21 | | | Sales | ($39.60) | | $786.15 |
| ELK | 11/4/2020 6:29:21 AM | TL112020 | | | Pre-Release Transaction | | $50.00 | -------- |
| ELK | 10/28/2020 10:20:19 AM | TL102020 | | | Pre-Release Transaction | | ($25.00) | -------- |
| ELK | 10/28/2020 7:18:49 AM | 30 | | | Sales | ($44.70) | | $825.75 |
| ELK | 10/27/2020 3:14:00 PM | TL1027 | | | TRUL Withdrawal | ($2.00) | | $870.45 |
| ELK | 10/26/2020 7:06:17 AM | 33320300 | | | Western Union | $50.00 | | $872.45 |
| ELK | 10/20/2020 6:12:06 AM | 7 | | | Sales | ($61.55) | | $822.45 |
| ELK | 10/16/2020 2:44:31 PM | TL1016 | | | TRUL Withdrawal | ($5.00) | | $884.00 |
| ELK | 10/14/2020 6:18:18 AM | 5 | | | Sales | ($43.90) | | $889.00 |
| ELK | 10/13/2020 8:35:14 PM | TL102020 | | | Pre-Release Transaction | | ($170.00) | -------- |
| ELK | 10/13/2020 8:04:30 PM | 33320287 | | | Western Union | $200.00 | | $932.90 |
| ELK | 10/11/2020 7:16:08 PM | TL1011 | | | TRUL Withdrawal | ($5.00) | | $732.90 |
| ELK | 10/10/2020 11:54:12 AM | TL102020 | | | Pre-Release Transaction | | ($4.00) | -------- |
| ELK | 10/9/2020 8:49:35 PM | TL102020 | | | Pre-Release Transaction | | ($4.25) | -------- |
| ELK | 10/9/2020 6:45:37 AM | WIPP0920 | | | Payroll - IPP | $35.00 | | $737.90 |
| ELK | 10/9/2020 6:45:37 AM | WIPP0920 | | | Pre-Release Transaction | | ($1.75) | -------- |
| ELK | 10/8/2020 7:26:49 AM | 39 | | | Sales | ($58.45) | | $702.90 |
| ELK | 10/4/2020 5:43:58 PM | TL102020 | | | Pre-Release Transaction | | ($10.00) | -------- |
| ELK | 10/1/2020 3:04:36 PM | 33320275 | | | Western Union | $150.00 | | $761.35 |
| ELK | 9/27/2020 6:39:45 AM | TL0927 | | | TRUL Withdrawal | ($10.00) | | $611.35 |
| ELK | 9/27/2020 6:39:27 AM | TL092020 | | | Pre-Release Transaction | | $10.00 | -------- |
| ELK | 9/20/2020 6:34:00 AM | TL0920 | | | TRUL Withdrawal | ($2.00) | | $621.35 |
| ELK | 9/19/2020 7:50:19 PM | TL092020 | | | Pre-Release Transaction | | ($20.00) | -------- |
| ELK | 9/19/2020 7:49:53 PM | TL0919 | | | TRUL Withdrawal | ($2.00) | | $623.35 |
| ELK | 9/17/2020 7:17:02 AM | 34 | | | Sales | ($51.10) | | $625.35 |
| ELK | | TL092020 | | | | | ($15.00) | -------- |

| Alpha Code | Date | Reference | Transaction Type | Amount | Encumbrance | Balance |
|---|---|---|---|---|---|---|
| | 9/11/2020 8:59:10 AM | | Pre-Release Transaction | | | |
| ELK | 9/10/2020 1:33:58 PM | 73 | Sales | ($60.30) | | $676.45 |
| ELK | 9/10/2020 8:01:10 AM | TL092020 | Pre-Release Transaction | | ($33.25) | -------- |
| ELK | 9/10/2020 5:47:06 AM | VIPP0820 | Payroll - IPP | $35.00 | | $736.75 |
| ELK | 9/10/2020 5:47:06 AM | VIPP0820 | Pre-Release Transaction | | ($1.75) | -------- |
| ELK | 9/8/2020 7:10:17 PM | TL092020 | Pre-Release Transaction | | ($50.00) | -------- |
| ELK | 9/8/2020 1:04:19 PM | 33320252 | Western Union | $150.00 | | $701.75 |
| ELK | 9/6/2020 8:39:57 PM | TL092020 | Pre-Release Transaction | | ($35.00) | -------- |
| ELK | 9/6/2020 1:22:02 PM | TL092020 | Pre-Release Transaction | | ($250.00) | -------- |
| ELK | 9/6/2020 1:03:56 PM | 33320250 | Western Union | $250.00 | | $551.75 |
| ELK | 9/3/2020 8:25:21 AM | VICP0920 | Inmate Co-pay | ($2.00) | | $301.75 |
| ELK | 9/1/2020 9:14:15 AM | TL0901 | TRUL Withdrawal | ($5.00) | | $303.75 |
| ELK | 8/30/2020 9:16:18 PM | TL0830 | TRUL Withdrawal | ($5.00) | | $308.75 |
| ELK | 8/30/2020 3:38:12 PM | TL082020 | Pre-Release Transaction | | ($0.15) | -------- |
| ELK | 8/30/2020 11:13:43 AM | TL0830 | TRUL Withdrawal | ($2.00) | | $313.75 |
| ELK | 8/29/2020 12:23:59 PM | TL082020 | Pre-Release Transaction | | ($50.00) | -------- |
| ELK | 8/25/2020 7:44:50 AM | 38 | Sales | ($48.50) | | $315.75 |
| ELK | 8/23/2020 10:49:47 PM | TL0823 | TRUL Withdrawal | ($5.00) | | $364.25 |
| ELK | 8/21/2020 4:48:03 PM | TL0821 | TRUL Withdrawal | ($5.00) | | $369.25 |

1 2 3

**Total Transactions: 132**

**Totals:** $678.25  ($768.75)

### Current Balances

| Alpha Code | Available Balance | Pre-Release Balance | Debt Encumbrance | SPO Encumbrance | Other Encumbrance | Outstanding Instruments | Administrative Holds | Account Balance |
|---|---|---|---|---|---|---|---|---|
| ELK | $87.95 | $830.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $917.95 |
| **Totals:** | **$87.95** | **$830.00** | **$0.00** | **$0.00** | **$0.00** | **$0.00** | **$0.00** | **$917.95** |

### Other Balances

| National 6 Months Deposits | National 6 Months Withdrawals | Natioanl 6 Months Avg Daily Balance | Local Max Balance - Prev 30 Days | Average Balance - Prev 30 Days | Commissary Restriction Start Date | Commissary Restriction End Date |
|---|---|---|---|---|---|---|
| $1,759.05 | $1,029.55 | $449.93 | $953.15 | $854.63 | N/A | N/A |

**FORM TO BE USED BY A PRISONER FILING
A MOTION FOR PRO BONO COUNSEL IN A CIVIL RIGHTS CASE**
(NOT TO BE USED IN A HABEAS CASE,
See 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. §§ 2254(h), 2255)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

Tony Fisher                               :   **MOTION FOR PRO BONO COUNSEL**
_____,               **28 U.S.C. § 1915(e)(1)**

           Plaintiff,

                                          :

              v.                          :   Civil Action No. 118-16793-RBK-AMD
~~Federal Bureau of Prisons~~
United States of America,
Jordan Hollingsworth, Warden Doe,
Unit Does, Ms. Fischer, Mr. Williams,
N. Watkins Ward, Anna Morfe,
Stacie D. Marantz-Tattersdi
           Defendants.                    :

---

### INSTRUCTIONS – READ CAREFULLY

1.  There is no constitutional guarantee to representation in civil cases. However, pursuant to 28 U.S.C. § 1915(e)(1), a district court may request an attorney to represent a person who has been granted permission to proceed in forma pauperis in the action and is unable to afford counsel.

2.  If you have been granted permission to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, you are unable to afford counsel, and you feel that you need counsel to represent you in the action, then you may ask the judge assigned to your case to request a pro bono (free of charge) attorney to represent you by completing and filing the attached "Motion for Pro Bono Counsel."

3.  You must serve a copy of your motion on each party, whether or not that party has been served with a copy of your summons and complaint. If a party is represented by an attorney (an attorney has filed papers in the case on that party's behalf), then service upon that party shall be made by serving their attorney. Service upon each party or their attorney must be conducted in accordance with Federal Rule of Civil Procedure 5(b) by mailing a copy of your motion by regular mail to each party at their last known address or to a party's attorney at the attorney's address.

4.  Attached you will find a Certificate of Service form. You must complete the Certificate of Service to show that you have served EACH party or attorney by regular mail. The completed Certificate of Service must accompany your motion when it is submitted to the Court for filing.

## FORM TO BE USED BY A PRISONER FILING
## A MOTION FOR PRO BONO COUNSEL IN A CIVIL RIGHTS CASE
(NOT TO BE USED IN A HABEAS CASE,
See 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. §§ 2254(h), 2255)

5.  If your initial motion for counsel is denied, you are free to make subsequent motions as your case nears trial.

6.  If you file an Motion for Pro Bono Counsel, the judge or magistrate judge assigned to your case will determine whether to grant your motion. Factors that the judge will consider include:

    (a) the claim has some merit;
    (b) the pro se party lacks the ability to present an effective case without an attorney;
    (c) the legal issues are complex or, the ultimate legal issues are not complex, but the pro se party lacks the familiarity with the rules of evidence and discovery needed to translate understanding of the law into presentation of the proofs;
    (d) factual investigation will be necessary and the party is not adequately able to pursue said investigation;
    (e) the case is likely to turn on credibility determinations;
    (f) the case will require expert testimony;
    (g) the party is unable to attain and afford counsel on his/her own behalf.

    See Parham v. Johnson, 126 F.3d 454 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993).

7.  If the judge grants your motion, there is no guarantee that an attorney will be willing to accept your case. The Court cannot force or require an attorney to accept a civil case pro bono. The District of New Jersey has a panel of lawyers who may volunteer to provide pro bono representation where the judge has determined to request pro bono counsel for a party. The Clerk's Office attempts to find pro bono attorneys to take civil cases upon a judge's request; however, you will receive pro bono representation only if one of these attorneys volunteers to take your case. Despite the diligent efforts of the Clerk's Office, the process of finding pro bono attorneys may be lengthy and unsuccessful.

8.  At any time during the process of trying to locate a pro bono attorney for you, you have the right to withdraw your Motion for Pro Bono Counsel and continue to represent yourself.

9.  If an attorney decides to accept your case, you will be notified by the Clerk's Office by mail.

10. Please note that you are fully responsible for prosecuting your case by yourself, unless and until the Clerk's Office notifies you by mail that a pro bono attorney will represent you in the action **AND** the attorney informs the Court in writing that he/she is representing you in the action. Even though you may have filed an Motion for Pro Bono Counsel, the failure on your part to prosecute your case at any stage of the proceedings may result in dismissal of your case.

**FORM TO BE USED BY A PRISONER FILING
A MOTION FOR PRO BONO COUNSEL IN A CIVIL RIGHTS CASE**
(NOT TO BE USED IN A HABEAS CASE,
See 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. §§ 2254(h), 2255)

## QUESTIONS TO BE ANSWERED

1. Name of movant __TONY FISHER__

2a. Have you previously requested counsel from the court in this case? __NO__

2b. If so, what was the outcome? __N/A__

3. Explain specifically why you feel you need a lawyer to represent you at this time. If the judge denied your previous Motion for Pro Bono Counsel in this case, please include any changes concerning your need for counsel since your last motion. (Use additional paper if necessary.)

   Due to the extreme difficulty and complexity with this case, as well as the governments fraudulent concealment, multiple violations of Title 28 of the Code of Federal Regulations and their very own Program Statements / Policies expertise of a professional educated Attorney is necessary. Additionally, the Plaintiff in this case is a "significantly psychologically disturbed..." inmate that has multiple mental health diagnosis' (Major Depression Recurrent, mild personality disorder, Panic Attack disorder, PTSD). Also, (see continuation page attached hereto)

4. If you have been unable to attain an attorney, please explain why. Though I have sent letters to multiple attorneys they have denied me their assistance. These letters are included with this Complaint as Exhibits. I have been told that this is a very complex case, and will require a lot of expertise and expert testimony, and will be expensive to litigate.

(Cont'd from Form DNJ-ProSe-001-04-(03/15) Page 3, #3)

#3 Cont'd

being that the Plaintiff in this case is a federal inmate in the custody of the Federal Bureau Of Prisons (FBOP), and is indigent, she is severally limited in her abilities to access the courts, records, legal counsel, investigation information, expert witnesses, interviewing potential witnesses / defendants, legal manuals, case laws, federal statutes, laws, etc. Furthermore, though Plaintiff had a "jail-house" lawyer assist her in the construction of this Complaint, she severally lacks legal knowledge and know-how to litigate this case. And finally, again, the legal issues in this case are very complex requiring expert sound legal representation.

**FORM TO BE USED BY A PRISONER FILING
AN APPLICATION FOR PRO BONO COUNSEL IN A CIVIL RIGHTS CASE**
(NOT TO BE USED IN A HABEAS CASE,
See 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. §§ 2254(h), 2255)

5. If you need a lawyer who speaks in a language other than English, state what language you speak: _N/A_

I understand that if a lawyer volunteers to represent me and my lawyer learns that I can afford to pay for a lawyer, the lawyer may give this information to the Court.

I hereby waive my privilege of attorney-client confidentiality to the extent necessary for my pro bono attorney to make an application to be relieved as provided in Appendix H of the Local Civil Rules.

I declare under the penalties of perjury that my answers to the foregoing questions are true to the best of my knowledge.

Signed this _6th_ day of _January_, _2019_.

_____ aka _____
Signature of applicant

Resigned this 18th day of November, 2020

_____ aka _____

4

DNJ-ProSe-001-04-(03/15)

