UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TONY FISHER,<br><br>            Plaintiff,<br><br>v.<br><br>JORDAN HOLLINGSWORTH, et al.,<br><br>            Defendants. | Civil Action No. 18-16793 (RBK) (AMD)<br><br>**ORDER** |

Before the Court is Plaintiff's motion to set aside judgment under Rule 60(b)(6). (ECF No. 13.) On May 10, 2019, the Court dismissed the majority of Plaintiff's Complaint as time barred. (ECF Nos. 10, 11.) Plaintiff's claims stem from alleged sexual assaults at the prison and how Defendants failed to protect her.

In the instant motion, Plaintiff contends that three days later, on May 13, 2019, the State of New Jersey enacted N.J. Stat. § 2A:14-2b, which extended the statute of limitations for injuries resulting from a crime of sexual nature. The statute states in relevant part:

> a. Notwithstanding the statute of limitations provisions of N.J.S.2A:14-2, section 2 of P.L.2019, c. 120 (C.2A:14-2a), section 1 of P.L.1964, c. 214 (C.2A:14-2.1), or any other statute, an action at law for an injury resulting from the commission of sexual assault, any other crime of a sexual nature, a prohibited sexual act as defined in section 2 of P.L.1992, c. 7 (C.2A:30B-2), or sexual abuse as defined in section 1 of P.L.1992, c. 109 (C.2A:61B-1), that occurred prior to the effective date of P.L.2019, c. 120 (C.2A:14-2a et al.), and which action would otherwise be barred through application of the statute of limitations, may be commenced within two years immediately following the effective date.

§ 2A:14-2b(a).

In light of these developments, the Court will provisionally grant in part Plaintiff's motion to set aside judgment and allow her previously time-barred claims to proceed at this time. The

Court will appoint counsel for Plaintiff and direct the parties to confer as to whether § 2A:14-2b(a) applies to Plaintiff's claims. If the parties disagree, they shall submit a proposed briefing schedule on the issue. Defendants' time to file an answer or responsive motion shall not commence until after the Court has resolved the statute of limitations issue. Accordingly,

IT IS, on this  28th  day of February 2021,

**ORDERED** that the Clerk of the Court shall REOPEN this matter; and it is further

**ORDERED** that Plaintiff's motion to set aside judgment, (ECF No. 13.), is PROVISIONALLY GRANTED IN PART; and it is further

**ORDERED** that Plaintiff's claims against Jordan Hollingsworth, Warden Doe, and Unit Doe, shall remain dismissed without prejudice; and it is further

**ORDERED** that Plaintiff's time-barred claims, *i.e.*, the remainder of the complaint, may PROCEED; and it is further

**ORDERED** that the Clerk of the Court shall appoint an attorney to represent Plaintiff; and it is further

**ORDERED** that the appointed attorney shall enter a notice of appearance within fourteen (14) days of the date of appointment; and it is further

**ORDERED** that the Clerk of the Court shall mail to the appointed attorney a transmittal letter explaining the procedure for completing United States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); and it is further

**ORDERED** that once the Marshal receives the USM-285 Form(s) from Plaintiff's counsel and the Marshal so alerts the Clerk, the Clerk shall issue summons in connection with each USM-285 Form that has been submitted by Plaintiff, and the Marshal shall serve summons, the Complaint and corresponding exhibits, and this Order and the Court's earlier Opinion and Order,

(ECF Nos. 10, 11.), to the address specified on each USM-285 Form, with all costs of service advanced by the United States; and it is further

**ORDERED** that Defendants' time to file an answer or responsive motion shall not commence until after the Court has resolved the statute of limitations issue; and it is further

**ORDERED** that the Clerk of the Court shall serve Plaintiff with a copy of this Order via regular U.S. mail.

<u>s/Robert B. Kugler</u>
ROBERT B. KUGLER
United States District Judge
