PHILIP R. SELLINGER
United States Attorney
ANGELA JUNEAU
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ  07102
862-240-2409
angela.juneau@usdoj.gov
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| TONY FISHER, *also known as* KELLIE REHANNA, <br><br> *Plaintiff,* <br><br> v. <br><br> JORDAN HOLLINGSWORTH, *et al.*, <br><br> *Defendants.* | HONORABLE ROBERT B. KUGLER <br><br> Civil Action No. 18-16793 (RBK) (AMD) |

### DEFENDANTS' REPLY BRIEF IN SUPPORT OF
### ITS MOTION TO DISMISS THE AMENDED COMPLAINT
### UNDER RULES 12(b)(1) & 12(b)(6)

On the brief:

Angela E. Juneau
Assistant United States Attorney

MOTION RETURN DATE: May 16, 2022

# **TABLE OF CONTENTS**

Preliminary Statement ........................................................................................... 1

Argument ............................................................................................................... 2

   I. The Special Extended Statute Of Limitations Does Not Apply And Equitable Tolling Does Not Save Plaintiff's Claims ............................................................. 2

      A. Plaintiff's Claims are Untimely ........................................................................ 2

      B. Equitable Tolling ............................................................................... 6

         1. Plaintiff's Allegations Do Not Warrant Equitable Tolling ........................... 6

         2. Plaintiff Did Not Exhibit Due Diligence ........................................................ 11

   II. Plaintiff's *Bivens* Claims Should Be Dismissed ................................................. 12

   III. Plaintiff's APA Claim Fails ............................................................................... 15

Conclusion ............................................................................................................. 15

# **TABLE OF AUTHORITIES**

*Cases*

*Bennett v. Susquehanna Cty. Children & Youth Servs.*,
    592 F. App'x 81 (3d Cir. 2014) .................................................................................. 10

*Boyle v. North Salem Central School District*,
    No. 19-8577, 2020 U.S. Dist. LEXIS 82504 (S.D.N.Y. May 11, 2020) ...................... 3

*Brown v. N.J. State Prison,*
    No. 15-5669, 2015 U.S. Dist. LEXIS 140803, 2015 WL 6122156
    (D.N.J. Oct. 16, 2015) .................................................................................................. 9

*Bullard v. Scism,*
    449 F. App'x 232 (3d Cir. 2011) ................................................................................ 13

*Caldwell v. City of New York*, Civ. No. 21-6560,
    Civ. No. 21-6560, 2021 U.S. Dist. LEXIS 165115 (S.D.N.Y Aug. 27, 2021) ............. 4

*Davis v. Jackson*, No. 15-CV-5359,
    No. 15-CV-5359, 2016 U.S. Dist. LEXIS 136034 (S.D.N.Y. Sept. 30, 2016) .......... 11

*D.J.S.-W. v. U.S.,*
    962 F.3d 745 (3d Cir. 2020) ......................................................................................... 5

*Doe v. NYS Office of Children & Family Svcs.*, Civ. No. 20-1195,
    Civ. No. 20-1195, 2021 U.S. Dist. LEXIS 125965 (N.D.N.Y July 7, 2021) .............. 4

*Farmer v. Brennan,*
    511 U.S. 825 (1994) ................................................................................................... 13

*Frasier-Kane v. City of Philadelphia,*
    517 F. App'x 104 (3d Cir. 2013) ................................................................................ 10

*Freeman v. State,*
    347 N.J. Super. 11 (N.J. Super. App. Div. 2002) ........................................................ 6

*Gavin v. Board of Education,*
    No. 20-9191 (KM)(JSA), 2021 WL 1050364 (D.N.J. Mar. 18, 2021) ................... 4, 5

*Hedges v. United States,*
    404 F.3d 744 (3d Cir. 2005) .................................................................................. 9, 10

*Hui Yun Zhou v. AG U.S.*, No. 21-1453,
  No. 21-1453, 2022 U.S. App. LEXIS 2115 (3d Cir. Jan. 25, 2022) .......................... 11

*Lake v. Arnold*,
  232 F.3d 360 (3d Cir. 2000) ................................................................................. 6

*Lomax v. Police Chief of Erie*,
  452 F. App'x. 83 (3d Cir. 2011) ........................................................................... 12

*Miller v. Hudson (Estate of Miller)*,
  528 Fed. App'x 238 (3d Cir. 2013) ........................................................................ 6

*Miller v. Steele-Smith*,
  713 F. App'x 74 .................................................................................................. 13

*Owens v. Okure*,
  488 U.S. 235 ........................................................................................................ 2

*Tavares v. Holder*,
  Civ. No. 10-1328, 2012 U.S. Dist. LEXIS 175681 (D.N.J. Sept. 12, 2012) ............ 5

*T.M. v. City of Union.*
  No. 21-20268 (MAS)(LHG), 2021 WL 5822940 (D.N.J. Dec. 8, 2021) ................. 4

*Ziglar v. Abassi*,
  137 S. Ct. 1843 (2017) ......................................................................................... 12

### *Statutes*

N.J.S.A. § 2A:14-2(a) ............................................................................................ 2, 10
N.J.S.A. § 2A:14-2a .............................................................................................. 2, 3
N.J.S.A. § 2A:14-2b .............................................................................................. 3, 5
N.J.S.A. § 2A:14-2b(a) .......................................................................................... 2-5

### *Rules*

N.Y. C.P.L.R. § 214-g ............................................................................................ 3, 4

## PRELIMINARY STATEMENT

Plaintiff Tony Fisher, also known as Kellie Rehanna, brings this untimely action against Defendants Watkins-Ward, Fischer, Morfe, and Marantz-Tattersdi (together the "Federal Defendants") in their individual capacities for their alleged deliberate indifference to her risk of sexual victimization, as well as against the United States for its denial of her administrative remedy request. The Federal Defendants and the United States filed a motion to dismiss on numerous grounds (ECF No. 47, the "Motion"). First, the Federal Defendants argued that Plaintiff's claims should be dismissed as time barred because New Jersey's special extended statute of limitations does not apply to *Bivens* actions. Motion at 8–13. Second, the Federal Defendants argued that even if the Court considers Plaintiff's claims, they should nevertheless be dismissed because they present a new *Bivens* context, and the Court should not extend *Bivens* to these facts. *Id.* at 13–23. Third, the Federal Defendants contended that the claims against them should be dismissed for failure to state a claim and because they are entitled to qualified immunity. *Id.* at 23–34. Finally, the United States argued that the APA claims against it should be dismissed for lack of subject matter jurisdiction because the APA precludes money damages and because BOP decisions regarding inmate medical treatment decisions are not reviewable under the APA. *Id.* at 34–38. Plaintiff opposed the Motion, arguing that Plaintiff's claims are timely, that Plaintiff's claims do not extend *Bivens* to a new context, that the Federal Defendants are not entitled to qualified immunity, and that this Court has subject matter jurisdiction over the APA claim. ECF No. 57

("Opposition"). For the reasons set forth below, Plaintiff provides no basis to reject Defendants' Motion, and all claims should be dismissed.

## ARGUMENT

I. **THE SPECIAL EXTENDED STATUTE OF LIMITATIONS DOES NOT APPLY AND EQUITABLE TOLLING DOES NOT SAVE PLAINTIFF'S CLAIMS**

The Federal Defendants explained in their Motion that the Court should dismiss Plaintiff's claims as untimely because although N.J.S.A. § 2A:14-2b(a) extended the statute of limitations for personal injury suits resulting from sexual assaults, that law did not apply to Plaintiff's *Bivens* claims pursuant to *Owens v. Okure*, 488 U.S. 235, 249−50 (1989), which requires that the "general or residual statute for personal injury actions" apply to § 1983 claims. *Id.*

Plaintiff nevertheless argues that *Owens* is not relevant to the Court's analysis. She also asks this Court once again to equitably toll the statute of limitations, even though this Court already rejected her request. ECF No. 10. Plaintiff's arguments fail for the reasons set forth below.

**A. Plaintiff's Claims are Untimely**

In *Owens*, the Supreme Court held that when there are two potentially applicable state statutes of limitation, the "general or residual statute for personal injury actions" should apply to § 1983 claims. *Id.* New Jersey's residual statute for personal injury actions is N.J.S.A. § 2A:14-2(a), which requires claims be brought within two years of the claim accruing. In 2019 the New Jersey Legislature passed a set of laws that created different statutes of limitation for sexual assault actions. These statutes included N.J.S.A. § 2A:14-2a, which created a separate and much

2

longer statute of limitations for sexual assault actions, and N.J.S.A. § 2A:14-2b, which functioned as a catchall by allowing a two-year window for plaintiffs to bring sexual assault actions that would be otherwise barred by N.J.S.A. § 2A:14-2a. The New Jersey Legislature has not extended the statute of limitations for personal injury actions.

Plaintiff attempts to make a technical argument that *Owens* does not apply here because the Court is not forced to choose between two statutes. In particular, she argues that N.J.S.A. § 2A:14-2b(a) does not provide a separate applicable statute of limitations that conflicts with New Jersey's two-year statute of limitations for personal injury actions, but rather suspends New Jersey's personal injury statute of limitations for sexual assault and abuse claims. Opposition at 16–17. Plaintiff's argument is irrelevant. *Owens* requires the Court to apply New Jersey's residual personal injury statute of limitations. The fact that N.J.S.A. § 2A:14-2b(a) functions as a tolling mechanism rather than extending the time to file misses the main issue, which is that the statute of limitations applies only to sexual assault claims and is thus not applicable to *Bivens* actions.

Further, courts have routinely applied *Owens* in identical situations where a state enacts a law that temporarily tolls the statute of limitations for specific causes of action. In *Boyle v. North Salem Central School District*, No. 19-8577, 2020 U.S. Dist. LEXIS 82504, at *6–8 (S.D.N.Y. May 11, 2020), the court needed to choose between the general personal injury statute of limitations and N.Y. C.P.L.R. § 214-g, which "revived" sexual abuse cases otherwise "barred … because the applicable

3

period of limitation has expired" and allowed such actions to "be commenced not earlier than six months after, and not later than one year and six months after the effective date of this section." Applying *Owens*, the court held that New York's general personal injury statute of limitations applied to the § 1983 claim, which it dismissed as untimely. *Id.* at 8. *See also Doe v. NYS Office of Children & Family Svcs.*, Civ. No. 20-1195, 2021 U.S. Dist. LEXIS 125965, *16−17 (N.D.N.Y July 7, 2021) (holding that *Owens* required the application of New York's general personal injury statute, and not its temporary special extended statute of limitations, to plaintiff's § 1983 claim); *Caldwell v. City of New York*, Civ. No. 21-6560, 2021 U.S. Dist. LEXIS 165115, *6−8 n.4 (S.D.N.Y Aug. 27, 2021) ("Courts in this Circuit have held that section 214-g does not extend the statute of limitations for claims under section 1983"). Here, N.J.S.A. § 2A:14-2b(a) has the identical effect of N.Y. C.P.L.R. § 214-g, which courts in the Second Circuit have held is inapplicable pursuant to *Owens*. This Court should also hold that *Owens* requires the application of New Jersey's general two-year statute of limitations, and that the matter is untimely.

Plaintiff's argument also ignores this Court's holdings in *Gavin v. Board of Education* and *T.M. v. City of Union*, where this Court twice applied *Owens* and held that New Jersey's special extended statute of limitations for sexual assault claims did not apply to *Bivens* claims.[1] No. 20-9191 (KM)(JSA), 2021 WL 1050364, at *5−6 (D.N.J. Mar. 18, 2021); No. 21-20268 (MAS)(LHG), 2021 WL 5822940, at *4−6 (D.N.J.

---

[1] Both *Gavin* and *T.M.* involved § 1983 claims, but as set forth in Federal Defendants' Motion, Motion at 10−13, *Owens* should also apply to *Bivens* actions. Plaintiff does not contest this in her Opposition.

4

Dec. 8, 2021). In fact, although both cases involved a different but related statutory provision that extended the statute of limitations in circumstances different from this suit, the *Gavin* court correctly rejected Plaintiff's alternate argument that the "catchall provision" in N.J.S.A 2A:14-2b should rescue his claims, stating "this provision, even if it applied to Gavin, would not save the federal claims, which are governed by the general personal-injury limitations period, as established *infra*." 2021 WL 1050364, at *6 n.4.

Plaintiff further argues that *Owens* does not apply because the Court cannot divorce N.J.S.A. § 2A:14-2b(a) from the statute of limitations for personal injury actions. Plaintiff cites to a single case, *Tavares v. Holder*, but that case is inapposite as the *Tavares* court was not choosing between two potentially applicable statutes of limitations but rather found that only one statute of limitations was relevant to the cause of action. Civ. No. 10-1328, 2012 U.S. Dist. LEXIS 175681 (D.N.J. Sept. 12, 2012). Plaintiff cites to no relevant support for the contention that N.J.S.A. § 2A:14-2b(a) is inextricably woven into the relevant statute of limitations such that *Owens* does not apply, nor can any such support be found. Accordingly, under *Owens*, the Court should conclude that New Jersey's two-year personal-injury statute of limitations governs Plaintiff's *Bivens* claims.

**B. Equitable Tolling**

Equitable tolling "is an extraordinary remedy and is proper only when the principles of equity would make the rigid application of a limitation period unfair." *D.J.S.-W. v. U.S.*, 962 F.3d 745, 750 (3d Cir. 2020) (cleaned up). The Third Circuit

5

has recognized three circumstances in which equitable tolling is appropriate: "(1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum."[2] *Lake v. Arnold*, 232 F.3d 360, 370 n.9 (3d Cir. 2000). Critically, a plaintiff "will not receive the benefit of tolling in any of these situations unless she exercised due diligence in pursuing and preserving her claim." *Id.*

### 1. Plaintiff's Allegations Do Not Warrant Equitable Tolling

Plaintiff asserts several allegations as a basis for equitable tolling, many of which this Court already rejected. ECF No. 10. None of Plaintiff's allegations, new or old, support equitable tolling.

First, Plaintiff realleges that the sexual assaults left her traumatized, which prevented her from taking legal action until August 2017. Opposition at 20. This Court rejected that basis for tolling in its May 17, 2019 order, and held that Plaintiff failed to allege how her trauma prevented her from filing a complaint within two years, or how her conditions changed such that she was later able to pursue legal action. ECF No. 10. Plaintiff's certification filed in conjunction with her Opposition

---

[2] "Federal courts also apply a forum state's law regarding tolling, including equitable tolling, when not inconsistent with federal law." *Miller v. Hudson (Estate of Miller*, 528 Fed. App'x 238, 240 (3d Cir. 2013) (internal quotation marks omitted). New Jersey law on equitable tolling in § 1983 actions is virtually identical to federal law. *See Freeman v. State*, 347 N.J. Super. 11, 31 (N.J. Super. App. Div. 2002) (setting forth the three bases on which New Jersey allows for equitable tolling).

summarily explains that at around the same time a fellow inmate urged her to take legal action in August 2017, she also began experiencing progress in dealing with her trauma, which allowed her to then take legal action. ECF No. 57-1 at ¶ 93.

The record before the Court, however, belies Plaintiff's allegation that she pursued her claims once her mental health issues improved. Attached to Plaintiff's Complaint are a host of medical records that indicate Plaintiff's psychological well-being improved in April 2016 and then declined again soon after Plaintiff filed her October 9, 2017 administrative remedy request regarding the sexual assaults at Ft. Dix. A diagnostic report from December 13, 2017, where Plaintiff was seen "regarding recent report of increased mental health symptoms," states that Plaintiff "reports a history of clinically significant levels of anxiety … and depression. … Inmate [was] previously assigned a Care2-MH and then reduced to Care1-MH in April 2016 after demonstrating mental health stability." ECF No. 1-7 at 7−8. In December 2017, BOP Psychology Services increased her level of care to "Care2-MH due to recent report of increased symptoms. Inmate has a mental illness (PTSD) requiring routine outpatient mental health care on an ongoing basis." *Id.* Other medical records reflect the same conclusion. A clinical contact report from November 15, 2017, states that Plaintiff "described increased anxiety and depression recently secondary to finding out that the other inmate who sexually assaulted her in a previous facility was found guilty," and that she was reporting "increased mental health symptoms due to not being able to fully transition and live as a woman." ECF No. 1-28. An April 12, 2018 clinical encounter reports Plaintiff still complaining of

7

PTSD. ECF No. 1-10. In an October 12, 2018 email to a staff psychologist, Plaintiff wrote that she reported at a recent session "all of my PTSD symptoms have been severe for quite a while as you know. . . . I'm no better now than years ago." ECF No. 1-26.

Thus, the materials before this Court show that Plaintiff's mental health improved in April 2016, but it was not until August 2017 that she began contacting attorneys. The materials also show that even though Plaintiff's mental health deteriorated in December 2017, Plaintiff continued to pursue her claims. What is more, between June 2016 and August 2017, Plaintiff filed 16 administrative remedy requests. Motion, Declaration of Cyntrena Cross-Peart, Exhibit A. Accordingly, this Court should again reject Plaintiff's request for equitable tolling on the basis that her trauma and mental health prevented her from timely filing a complaint, as there is abundant evidence in the record to indicate otherwise.

Second, Plaintiff realleges that had BOP given her the 2015 disciplinary records confirming her sexual assault allegations, she "would have known to file suit within the statute of limitations." Opposition at 20. This Court has already rejected that argument, holding that while the records relating to the disciplinary charges might be helpful to her case, they were "not necessary to create Plaintiff's cause of action." ECF No. 10. Plaintiff's Opposition adds no new facts to this argument that were not already considered by this Court. Further, the record reflects that Plaintiff began to pursue her claims before she ever received the disciplinary records on October 3, 2017—attached to Plaintiff's Complaint are letters she sent to attorneys

8

seeking legal representation for her claims, which Plaintiff began sending in August 2017. ECF No. 1-15 at 1. The Court rejected Plaintiff's argument in 2019, and it should do so again.

Third, Plaintiff argues that due to her "general ignorance of prison structure and hierarchy" and her "diagnosed personality disorder," she relied completely on Ft. Dix employees' guidance. Opposition at 20. These allegations fail to establish "extraordinary circumstances" that prevented Plaintiff from asserting her rights. This Court has rejected similar claims that ignorance of the law and the newness of prison life create extraordinary circumstances. *See Brown v. N.J. State Prison,* No. 15-5669, 2015 U.S. Dist. LEXIS 140803, 2015 WL 6122156, at *3 (D.N.J. Oct. 16, 2015) ("Even if Petitioner's alleged ignorance, combined with the strictures of his early prison life with limited access to outside help, were sufficient to establish extraordinary circumstances, which this Court does not find, he has failed to show that he exhibited reasonable diligence."). That Plaintiff also has mental health issues does not change the outcome. *See Hedges v. United States*, 404 F.3d 744, 752 (3d Cir. 2005) (finding plaintiff's pro se status, coupled with severe depression, insufficient to merit equitable tolling).

Finally, Plaintiff argues that the Court should equitably toll the statute of limitations because the BOP "deliberately intimidated and induced her against contacting an attorney, with thinly veiled threats of retaliation." Opposition at 17–21. For the first time since filing her Complaint in 2018, Plaintiff alleges that Ft. Dix's Captain Fitzgerald threatened that if she did not remain silent he would

9

transfer Plaintiff to different prisons, that by taking legal action she could be hunted down through the BOP database by the inmate who assaulted her, and that she should rely on BOP and the FBI to pursue any legal action. *Id.* at 19−20.

The Third Circuit, however, has held that these kinds of allegations do not warrant equitable tolling. In *Frasier-Kane v. City of Philadelphia*, the Third Circuit held that where Plaintiff's assailant threatened to harm her if she said anything about the incident, it did not rise to the level of extraordinary circumstances. 517 F. App'x 104, 106−07 (3d Cir. 2013). *See also Bennett v. Susquehanna Cty. Children & Youth Servs.*, 592 F. App'x 81, 84 (3d Cir. 2014) (holding that defendants' threat that plaintiff would lose her children if she did not sign documents failed to qualify as extraordinary circumstances justifying equitable tolling). Further, Plaintiff's allegation that Captain Fitzgerald told her to rely on BOP and the FBI instead of pursuing legal action herself is similarly insufficient. *See Hedges v. United States*, 404 F.3d 744, 752 (3d Cir. 2005) (rejecting request for equitable tolling where government employees advised plaintiff to pursue relief under the wrong statute).

Even if the Court found that Captain Fitzgerald's alleged conduct qualified as threats, inducement, or trickery that persuaded Plaintiff not to file suit, Plaintiff's argument suffers a factual hurdle. Plaintiff was only at Ft. Dix and in the same institution as Captain Fitzgerald for two months after the sexual assaults: the sexual assaults happened in July 2013, and Plaintiff transferred to FCI Elkton, in Ohio, on September 10, 2013. Motion at 5. New Jersey's general personal injury statute of limitations is two years. N.J.S.A. § 2A:14-2(a). Thus, Plaintiff spent a year and ten

months not only outside of FCI Ft. Dix and away from Captain Fitzgerald, but far from her assailant and from New Jersey. During that year and ten months in which Plaintiff could have timely filed a complaint, Captain Fitzgerald had no opportunity to intimidate and threaten Plaintiff, and Plaintiff's attacker could come nowhere near her. Accordingly, Captain Fitzgerald's alleged conduct does not entitle Plaintiff to equitable tolling.

### 2. Plaintiff Did Not Exhibit Due Diligence

Even if the Court finds that Plaintiff's claims establish extraordinary circumstances or that she was actively misled by Captain Fitzgerald, Plaintiff is still not entitled to equitable tolling because she did not exhibit due diligence. "There can be no equitable tolling without due diligence." *Hui Yun Zhou v. AG U.S.*, No. 21-1453, 2022 U.S. App. LEXIS 2115, *9 (3d Cir. Jan. 25, 2022).[3]

Plaintiff alleges that in "August or September 2017" she was talking to another inmate who advised her that she should pursue her claims, and that "[a]round that time" she was "also finally experiencing progress in dealing with my PTSD," which "allowed me to have the courage to defy my trauma" and "seek justice." Opposition, Certification of Plaintiff Tony Fisher, ECF No. 57-1, ¶¶ 91−93. Thus, Plaintiff argues that as soon as she "became aware of her rights and gained the necessary

---

[3] The only case to which Plaintiff cites in support of equitable tolling is *Davis v. Jackson*, where the Court found that Plaintiff showed reasonable fear of retaliation that prevented him from filing a timely complaint, but did not show that he exercised reasonable diligence, and thus declined to find equitable tolling. *Davis v. Jackson*, No. 15-CV-5359, 2016 U.S. Dist. LEXIS 136034, *32−37 (S.D.N.Y. Sept. 30, 2016).

11

psychological fortitude to assert those rights, she took immediate and diligent action." Opposition at 21. Neither of those bases supports a finding of due diligence.

A "lack of knowledge, mistake or misunderstanding do not toll the running of the statute of limitations." *Lomax v. Police Chief of Erie*, 452 F. App'x. 83, 85 (3d Cir. 2011) (denying equitable tolling on the basis of a lack of due diligence where plaintiff only recently learned that his constitutional rights were violated). Further, as set forth above, the record clearly demonstrates that there is no correlation between improvements in Plaintiff's mental health and her finally pursuing legal action.

Plaintiff offers no valid excuse as to why she failed to take any legal action until August 2017. The only event that correlates to Plaintiff finally pursuing a legal remedy is a fellow inmate around that time urging her to do so, which does not qualify Plaintiff for equitable tolling. Accordingly, Plaintiff's request for equitable tolling should be denied.

## II. **PLAINTIFF'S *BIVENS* CLAIMS SHOULD BE DISMISSED**

As the Federal Defendants demonstrated in their Motion, this case presents a new *Bivens* context and special factors counsel against extending *Bivens* to Plaintiff's claims. Motion at 16–22. The Supreme Court has stated that even if a case has "significant parallels" to an existing *Bivens* case, "a modest extension is still an extension." *Ziglar v. Abassi*, 137 S. Ct. 1843, 1864 (2017). The Federal Defendants also argued in their Motion that the Court should grant them qualified immunity because Plaintiff has not pled sufficient facts to find that they were deliberately indifferent. *Id.* at 23–33. A showing of deliberate indifference thus requires a plaintiff to demonstrate that defendants were "aware of facts from which the

12

inference could be drawn that a substantial risk of serious harm exist[ed]" and that defendants did draw that inference. *Miller v. Steele-Smith*, 713 F. App'x 74, 78−79 (3d Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Plaintiff argues, however, that the Federal Defendants were deliberately indifferent because they *should have* known of certain facts and *should have* drawn certain inferences. Plaintiff's arguments fail to establish that the Federal Defendants were deliberately indifferent.

While Plaintiff argues that Watkins-Ward is not qualifiedly immune because her intake form only covered seven out of ten factors set forth by PREA regulations, case law is clear that a prison official's violation of a regulation does not automatically amount to a constitutional violation. *Bullard v. Scism*, 449 F. App'x 232, 235 (3d Cir. 2011) (per curiam) ("[E]ven if the [BOP's] regulation were violated, its violation is not actionable"). Further, even had Watkins-Ward covered all ten factors set forth by PREA regulations, those factors were all considered by Morfe when she conducted a follow-up screening, which preceded the sexual assaults. Thus, Plaintiff cannot plausibly allege that the outcome would have been any different had Watkins-Ward considered all ten PREA factors. Plaintiff also argues that Watkins-Ward *should* have known plaintiff was "LGBT and obviously effeminate" and thus at a higher risk of assault. Opposition at 25−26. Even if Watkins-Ward *should* have done and known those things, deliberate indifference can only be demonstrated by showing Watkins-Ward did in fact know that Plaintiff was LGBT and that Watkins-Ward observations

13

of Plaintiff led her to conclude that Plaintiff was effeminate. Plaintiff has made no such showing, and her claim against Watkins-Ward should be dismissed.

Plaintiff similarly alleges not only that Fischer brushed off Plaintiff's single report, but also that Fischer *should* have known that a Plaintiff's alleged assailant, a "veteran inmate" who had his own cell, could be confident he would not be caught if he sexually assaulted another inmate, and that Fischer must have known Plaintiff's unit was primed for sexual assaults. Opposition at 26–27. Again, Plaintiff can only demonstrate deliberate indifference by showing that Fischer did in fact know those facts; it is not enough for Plaintiff to allege that Fischer *should* have known those facts. Plaintiff's claim against Fischer should thus be dismissed.

Regarding Morfe, Plaintiff alleges that in her follow-up PREA assessment, Morfe *should* have known about Plaintiff's reported threat, even though Plaintiff did not report it to Morfe and makes no allegation that Morfe was aware of the threat. Opposition at 27–28. Plaintiff also takes issue with the way Morfe scored her in her follow-up PREA assessment. *Id.* But Plaintiff's disagreement about how Morfe assessed Plaintiff and allegations about what Morfe should have known, but did not know, fail to demonstrate deliberate indifference.

Finally, Plaintiff argues that Marantz-Tattersdi was deliberately indifferent in her supervisory capacity by failing to ensure that the PREA assessments were done correctly, failing to require unannounced walk throughs of the unit, failing to eliminate alleged blind spots in the prison, and failing to ensure that prison staff communicate allegations with other staff members. Opposition at 28–29. None of

14

these allegations, however, demonstrate that Marantz-Tattersdi had any knowledge or awareness of the alleged deficiencies. Accordingly, the *Bivens* claim against Marantz-Tattersdi should be dismissed.

### III. PLAINTIFF'S APA CLAIM FAILS

The United States argued in its Motion that this Court lacks subject matter jurisdiction over Plaintiff's APA claim because the United States has not waived sovereign immunity for monetary damages under the APA and because the contested BOP response was not a final agency action. Motion at 34–38. Despite the well-founded authority prohibiting judicial review of BOP's decision denying Plaintiff's request for gender reassignment surgery and electrolysis, Plaintiff blankly asserts that a denial of a request for medical treatment is a failure to take discrete action, and thus reviewable under the APA. Opposition at 30. Even if Plaintiff were able to demonstrate that she could seek review of BOP's medical treatment decision, the APA explicitly precludes money damages against the government, a point which Plaintiff does not contest in her Opposition. Because Plaintiff's APA claim seeks monetary damages for a medical treatment decision, which is not a final agency action and thus not reviewable, this Court should dismiss the claim for lack of subject matter jurisdiction.

### CONCLUSION

For the foregoing reasons, and those set forth in the United States and Federal Defendants' Motion, Plaintiff's Amended Complaint should be dismissed with prejudice.

|  |  |  |
|---|---|---|
|  |  | Respectfully submitted, |
|  |  | PHILLIP R. SELLINGER<br>United States Attorney |
| Dated: May 13, 2022 | By: | /s/ *Angela Juneau*<br>ANGELA JUNEAU<br>Assistant U.S. Attorney |

16